May it please the Court, this case is an immigration case involving what is referred to as a Conditional Residence Waiver or I-751 waiver case. And as we see the case developed, the critical issue concerns who carries certain burdens of proof as the case is adjudicated in removal proceedings. I don't really understand why that's a debatable subject, so maybe you can tell me why. The service terminated the Petitioner's I-751 petition. And you conceded removability, so you essentially conceded the termination, right? The fact of termination was conceded. That's correct. But that was because the wife withdrew her petition, correct? Yes, Your Honor. And under, I guess, it seemed to me that Mendes controlled and said where one of the parties withdraws their petition, then it's deemed to be never having been filed. And so we go into the C-2 situation. Yes, Your Honor. And that is, of course, challenging in trying to get the Court to revisit or to consider Mendes. It does create a bit of a fiction in a case such as this where both parties, in fact, filed a joint petition. Both parties appeared. But you're not asking us to do that, as I understand it. You conceded removability, is that right? So you conceded the termination. And therefore, we're just talking about the waiver. Am I wrong about that? That's how it was developed. All right. So Mendes isn't the issue here. The issue is the burden of proof in removal proceedings on the waiver. Is that what we're talking about? Yes, Your Honor. All right. Now, what is your argument about why that burden, although it's in the statute as being on the petitioner, isn't? That's what you're essentially arguing. Well, the statute is silent as to actually specifying who the burden is on in waiver cases, Your Honor. It uses language such as if the alien demonstrates. Such as what? If the alien demonstrates. That usually means the alien has the burden. Right. However, this case involves a kind of a tension between that aspect of the law and that contained in 204C where marriage fraud findings are presented. Where what? I'm sorry? Section 204C specifies that a person who is found to have committed marriage fraud or for purposes of procuring a visa is permanently barred from being petitioned. But the removability here wasn't based on marriage fraud, right? It was based on the lapse of the conditional conditions, right? Yes and no, Your Honor. I mean, the lapse of the condition was a result of the Mendez finding, and so I'm not trying to bootstrap that back into the argument, but it keeps raising itself. Also, if the Court noted the actual termination notice, it indicated throughout that 204C finding was present in the case. But doesn't that go to the requirement that the alien has to demonstrate that the qualifying marriage was entered into in good faith? And so if there's a finding that the marriage was a sham, then it's not in good faith. It's kind of the opposite side of the same coin. I mean, the services presented evidence in its termination notice that it was a sham marriage. 204C marriage, in fact, is what permeates the language. Yet subsequently when the review occurs, the burden is placed on the Respondent to demonstrate that it's a good faith marriage. But isn't it true in general with regard to relief, like cancellation of removal or asylum or any of that, that the burden is on the Petitioner because they're seeking relief? It is. And isn't that what's happening here? Generally it is, Your Honor. The challenge is when 204 and 216 collide, as in here, the AG has the burden in a 204C case. It's hard to see why they're colliding. Well, they were both implemented under the Marriage Fraud Act. I understand. But they have different purposes. One of them is where the marriage fraud is the basis for the removal, and the other is where the absence of marriage fraud is the reason for a waiver from a different reason for marriage. Obviously, if you're removed, if you're terminated for marriage fraud, then the waiver isn't going to do you any good because you've already lost on that issue. But if you've been terminated for a different reason, as he was, then there is an affirmative duty with regard to the marriage fraud, the absence of marriage fraud. And the challenge for us, Your Honor, is when we see the termination notice, we see a termination based on marriage fraud. There's not language. Why do you say that when it wasn't a termination based on marriage fraud? The language throughout the termination notice set that forth. Nowhere in the termination notice, which is found at AR 261, Your Honor, does it indicate that the waiver was terminated. Do you want to discuss the merits at all? Pardon me? Do you want to discuss the merits at all, i.e., why you win, whatever the burden is? Well, the substantial evidence standard applies, I think, and we have a lot of contradictory evidence concerning whether or not it was a bona fide marriage. It was a he said, she said situation, Your Honor, with he also providing one corroborating witness. We've argued that if the court were to review this, it would find that the I.J. was deficient in her judgment concerning the credibility finding against Respondent. Initially, the judge was poised to grant the case, having found that Respondent had been very credible, having found that Respondent had revealed a substantial amount of information that was not favorable to him as far as the relationship concerned. And at the second hearing, then the wife testifies by telephone and says, no, I never signed that other affidavit, and clearly the I.J. credited that testimony. You may think she shouldn't have credited the testimony because she had changed the way she had signed the waiver and then she had withdrawn it. But isn't that the I.J.'s, given to the I.J. to make that sort of credibility determination? It generally is up to the I.J. to make that credibility finding. In this matter, the telephonic testimony did put the counsel for Petitioner's at something of a disadvantage, and he made a significant issue of it, as we did on appeals. We felt it wasn't a fair way to proceed. Okay. If you want to reserve any time, you have about two minutes now. Thank you, Your Honor. I should mention that we're going to be fairly rigid about time this morning. It's a long calendar. Thank you. Yes. Mr. Nazaroff. Yes, Your Honor. May it please the Court, my name is Ari Nazaroff, and I'm from the United States Department of Justice and represent the Attorney General. And you got to your office today, did you? I did. I did. There's a lot of snow on the ground, but the federal government is open. Just quickly to address the burden of proof, Petitioner didn't raise that to the Board, so our position is that argument is not before this Court. As far as the telephonic testimony, they never objected down below to the telephonic testimony, and they produced their own witness by telephone. So that would be our position there. If this panel has no more questions, we're going to rest on our brief. Anybody? No, thank you. You have a couple minutes left. Thank you. Your Honor, we did spend a pretty significant amount of time in our brief arguing the burden of proof issue. I think counsel who presented the brief may have inartfully stated the whole section. Let me see if I can. I'm having a hard time even summarizing your argument. But what I understand it to be is that because in general the burden is on the government in removal proceedings, this particular kind of waiver, unlike others for some reason, should be wrapped into that burden. I mean, is that basically what you're saying? Or are you saying that he really wasn't – he was really removed for marriage fraud, even though that – which is it? Well, we're saying that the marriage fraud finding is inherent in the termination notice, and the termination notice is what caused him to lose it. And what is your evidence for why it's inherent in the termination notice when he could have been terminated, and I thought he was terminated, simply for not filing the joint petition? Are you – ultimately you're attacking Mendez? Is that what's really going on here? I think we are, Your Honor, because – But didn't you concede removability? Prior counsel conceded – So isn't that over except if you bring an IAC claim or something? Conceding removability is conceding the fact that the petition was terminated. Right. I don't know how counsel could have otherwise – Not the grounds on which it was terminated? Right. I mean, the fact was that the actual termination notice didn't specify it was terminated for failure to file a joint petition. It didn't cite Mendez. I see. The Mendez issue came up only subsequently, Your Honor. So we'd like the Court to take a good look at that issue when it's reviewing the case and making a decision. Thank you very much. Thank you, Your Honor. The case of Hamai v. Holder is submitted.
judges: Goodwin, Berzon, Ikuta